Good morning. Kara Hartzler, Federal Defenders, on behalf of Ms. Descerda. The trial court misused the doctrine of judicial notice. Judicial notice recognizes facts not subject to reasonable dispute, but it does not cure evidentiary or constitutional objections. Because the trial court misunderstood this and will continue to do so absent intervention, the court should reverse the conviction and remand for a new trial. There's three reasons here why the trial court misapplied the doctrine of judicial notice. First of all, the trial court was essentially admitting, using judicial notice to admit documents rather than facts. But it's very clear that in the language of the Federal Rules of Evidence that you actually use judicial notice to admit a fact that is beyond a reasonable dispute rather than the document itself. All those arguments you make, and let's say I agree with you on all those, you won. Because the jury did not find your guy guilty of the felony. They found him guilty of the misdemeanor. They found him guilty of the misdemeanor. So they Where's the prejudice? There's three reasons why we have prejudice here. Good. What are they? The first one is that you can tell that there's prejudice here because in the government's opening argument, their closing argument, and their closing rebuttal, they relied heavily on these Florida documents to show the element of alienage. They actually quoted whole excerpts from them. And if the government said that the evidence of alienage was that overwhelming, they wouldn't have needed to do so. The second reason is that this case is a little bit unusual in that there were no documents submitted from the A file, from the immigration file. Normally in a 1325 or 1326, there's all the documents from prior deportations, and all of those go to the element of alienage. Here, none of those documents were submitted. So then we have to look to the issue of what is sufficiency, what is sufficient evidence to prove alienage? And what one of the government's own cases, Hernandez says, is that if you have the admission of alienage from the defendant combined with mode of entry, that is not sufficient. Here, that's all the government had. So as a matter of law, frankly, there had to be it wouldn't have even satisfied a Rule 29 sufficiency of the evidence under this court's case law, let alone the much higher standard that we're dealing with here in terms of the government having to prove harmlessness beyond a reasonable doubt. And then the third reason that I think there's prejudice here is essentially what the trial court was doing, it was essentially vouching for these documents. The trial court said at one point, these documents are verified by the court's own experience. But the trial court then didn't go on to say, well, at a minimum, you know, you only need to consider this as a fact rather than the document. The trial court gave the court, the jury, no guidance whatsoever on how to use these documents and how to discern what is allowed to be considered under judicial notice and what's not. And because of those three reasons, Your Honor, we believe there's prejudice here. Let me ask you, on the USM-3 or USM-129, I'm sorry, it seems like from the record that the district court did not state the basis which that could come in. That's correct, Your Honor. But there's a public record exception for that. That's correct, Your Honor. And we agree that the judge didn't specifically say judicial notice in regards to this one document. The judge didn't give another basis for admitting it. So I think that we would be correct in saying that you could infer judicial notice, but I take your point. In terms of whether it would come in under the public record exception, I think there is case law, Your Honor, saying that booking documents like this would. I think the problem then goes to the fact of almost a double hearsay, because you have information within this booking document that we don't know where it came from. We have things about the person's date of birth. I think that's the main thing. And the problem is that at the time that this booking document was created, Mr. Cerda had already been under arrest for about three months. So I don't think this information could have come from him. I think it came from someone else, another law enforcement person. But it would still have come in as a public record. It could still. Let me ask you, you mentioned the alienage, or I think there was something about the Hernandez case, but if I recall, didn't in Hernandez specifically the client decide what is enough to prove alienage? Your Honor, I think this Court's case law has been a little inconsistent, and I do want to be upfront about that. Hernandez said, and I'm quoting from Hernandez, we do not hold that the mode of a defendant's entry is sufficient corroboration of an admission that the defendant is an alien. Now later in another case called Garcia-Villegas that the government does cite, the three-judge panel in that later case seemed to go the other way. And Judge Graber in a concurrence said, I think our holding here is inconsistent with the prior decision in Hernandez. And so I fully accept that there's some question on what is the standard for a Rule 29 in terms of what evidence would be sufficient to prove alienage. But what I would say, Your Honor, is that at a minimum, the standard that we're dealing with here is much higher. The government has the burden to prove harmlessness beyond a reasonable doubt. So inconsistency on the much lower standard of a Rule 29, I think there's just no way to find that the government has met its burden. And if there's no other questions right now, I'll reserve the remainder of my time. Okay. Thank you. Thank you. No questions. May it please the Court, Daniel Zip again on behalf of the United States. Your Honor, there was only one issue. Did you get a reservation for that table? There was only one issue in dispute in this trial, and that was whether the defendant had been previously convicted in Florida so that a felony offense would apply in this case. From the outset of opening statement through the cross-examination of every witness and through closing statement, the defense made it clear that that was the only issue. The only argument was whether this Luis Cerda-Ramirez was the same Luis Cerda-Ramirez who was convicted in Florida. And as Your Honor noted, they won. The jury acquitted on that count, and at least one of them found that the United States had not met its burden. Well, so your argument is it's okay that those documents came in even though they weren't supposed to. And I assume from that you're taking, we didn't really have an obligation to make sure that the documents came in according to the rules of evidence, no harm, no foul. I mean, you know, are you here arguing that the district court properly admitted the contested documents under the judicial notice? Your Honor, I wouldn't say it's no harm, no foul. That argument is simply to say that this is harmless, regardless of what happened. And I understand harmless, but I just, I'm just trying to figure out what is your position because, I mean, I'm sure you deal with this a lot, and I'm just curious to see what the practice is here and what your office's practice is here in getting alienage established in many of the cases that you have. So, do you, are you here arguing that they were properly admitted under judicial notice? I don't think you argued that in your briefs, so I'm just trying to figure out what's your position here today. No, Your Honor, we're not arguing that. I think, as you pointed out, one of the four documents was not admitted with judicial notice at all. The court said it was an official document, laid the groundwork with a marshal who testified that they were under a duty to put the evidence, or the information into the database. The remaining three, we agree, should not have been judicially noticed as facts. I mean, my understanding is that's more appropriate for, you know, the sun is up at 2 p.m. or the size of a metropolitan city or some undisputed fact, not an actual document. And I don't recall, did the government tell the judge that at the time? No. But independent of what the court said. I mean, it seems like you all should have an obligation to do that if you know that something's coming in without the proper basis, and I understand the judge can do ultimately what the judge wants and we can deal with that later, but I was just surprised to see that there was no, there's not more, at least from the record that I saw, of the government really trying to state that correctly for the court what would be proper and what wouldn't be proper. Yes, Your Honor, and in hindsight, that the prosecutor should have done that. I think when you're standing in his position in the sort of heat of trial and the judge is telling you authoritatively this is the law, it's difficult, I would think, as a, you know, younger prosecutor to say no, Your Honor, you're absolutely wrong, we're going to do it this way. All that having been said. That acknowledgment is important, though, right now. I just didn't know if that was your practice as to, like, okay, we know differently, but we're going to let that slide. So it seems like the lawyers do have obligation to, because if the judge is doing something and their mail may be incorrect, I think they want the opportunity to have all the information in front of them. Yes. The correct information. Yes. But then the court's case law is also clear that regardless of how the court accepted the documents in, on appeal, this court can look at all the record to determine whether they would have been admissible. Here, the judgment was certainly admissible under a specific hearsay exception. But was the judgment admissible under the specific hearsay objection? Because it seems like the whole contested fact, and I thought it was okay, too, initially, but I'm looking, I was looking at this, and it seems like under that particular provision, which is 803.22d, is that? Yes. I'm trying to remember what it was. It says that it's okay for it to come in if it's the prior conviction of the defendant. And that was what was at issue. So I'm just wondering if that was properly admitted. Yes, Your Honor. I think the question of whether it was or was not the defendant is certainly something that the defense could argue and did argue. But as sort of a Well, then how was it properly admitted unless you could establish that it was the defendant? Because I think I mean, it sounds like it was admitted, and I'm sorry for interrupting you, but provisionally. And I'm just not sure that was, there's a basis for that. Well, Your Honor, I think the initial threshold question for whether the United States has shown enough for it to fit within the rules of evidence is a fairly low bar. Once the United States presented some evidence, and here it was largely overwhelming evidence that this was the same person, the court was Well, obviously not so overwhelmingly because, or not beyond a reasonable doubt to the people who were hearing the case, because it looks like they didn't accept that. I'm just trying to figure out why, and was there, there was no ruling. It just came in under the prior I mean, I'm not quite sure what happened leading up to its admission, but it seems like the same reason that the defendant's appellant is arguing now on why all these documents couldn't come in would have been applicable, those reasons to the admission of that document, because that document only comes in if it's a prior conviction of the defendant. Right, and my response to that, I believe it's Rule 104, sets the standard for what the district court has to see before it admits evidence under a hearsay exception is a low standard. All the United States had to do is present, I don't remember the exact language, but it's sort of a prima facie showing that that document was a conviction of this defendant. Once the court put that into evidence, then the question of whether it was or wasn't is a separate issue as opposed to that initial threshold. Depending upon what other evidence there may have been, it would have been, perhaps, appropriate for the jury to consider the document as they considered whether or not it was that person or not. Yes. And ultimately, again, not to circle back to where I started, none of this really matters. All that goes to the submission of evidence. Well, come back to that. She raised three points in her argument on prejudice. Address those three points and why it's not prejudice. I think Her first was, you relied heavily on, not you personally, alienage in argument both at the opening and the closing. That was number one. Yes, Your Honor, I think There was spillover effect that found him guilty of the misdemeanor? No, for two reasons. One, it was not a central part of the opening or closing argument. Yes, we did cite to one of the documents, which was the guilty plea colloquy, but most of the other discussion was about the defendant's admission, the videotaped admission when he came across the border. And secondly, along those same lines, the evidence of alienage in this case was not even in dispute, and the evidence of it was overwhelming with or without that guilty plea colloquy. I mean, this is a defendant who climbed over a 12-foot fence in a remote area, who ran away from Border Patrol agents, who then told the first Border Patrol agent that he was an alien, who then, in a videotaped interview that the jury saw, again admitted that he was an alien, and then whose defense counsel in closing stood up and conceded that he was not contesting that he was an alien. So the idea that somehow this judgment of conviction would have made a difference from one idea to the other. Well, but it did go to whether or not he had a prior conviction. It did, and he was acquitted on that. Yes. But otherwise, the evidence of his alienage was overwhelming and uncontested, and whether or not these documents came in would not have made a difference in the outcome of trial. Thank you. Thank you. Judge Gould, did you have any questions? No questions. Okay. Thank you. Your Honor, just starting with the final argument that my friend on the other side has made, that we admitted alienage at trial. I think it's very difficult to know whether we would have done the same if those documents weren't admitted. If those documents hadn't been admitted, then legally, as we pointed to the Court's decision in Hernandez, there would not have been sufficient evidence of alienage. And at that point, I think it's entirely possible that we would not have conceded alienage during the trial. So I don't think that that's a proper consideration for this Court to think about when you're looking at breaches. Counsel? Yes, Your Honor. Was it or was it not conceded at trial? The issue, we said we're not necessarily disputing that he is an alien. Now, the problem is that there's this Court's decision in James which says that you can't waive an element of a crime. So even though we said that, the government still had to meet its burden on that element. And so that's another reason why we think that this is not necessarily dispositive of the issue of prejudice. But setting the documents aside, wasn't there, as opposing counsel just summarized, some circumstantial evidence that would support the alienage finding? There was Mr. Cerda's admission and there was his mode of entry. Those were the two things that I... Agent's testimony about how he encountered him and all that was said. Right. Dispatcher saying they saw four people or how many people come over the wall. Correct. But I think that all would go to mode of entry. And so I think that that, those, we agree that that was the evidence at trial. I think then the next question is, is that legally sufficient under even the lower Rule 29 standard? I think under this Court's decision in Hernandez, it's not. And there may be some contrary case law on that, but if it can't meet the Rule 29 standard, I don't think it can meet the much higher harmless beyond a reasonable doubt standard. And the final thought I would just leave this Court with is this. If the Court believes that there, that this is harmless, that somehow the government has met that high standard, we would still ask this Court to at the very least find error on this. Find that this was not properly admitted. These documents were not properly admitted under judicial notice. And the reason for that is that this is something that this particular trial court has done on several occasions and that I'm aware that at least one other district court in the Southern District has done. So at a minimum, I think it would be very helpful to this analysis for the Court to clarify that this is not a proper means of admitting documents at trial. So you would not want us to start out the opinion with, without deciding the issue of yes. Exactly. Precisely. And if there are no other questions, I will submit. Thank you, Your Honor. Thank you. Thank you. Thank you both for your arguments and presentations here today. The United States of America v. Luis Miguel Terno-Ramirez is now submitted.
judges: Gould, Murguia, Zouhary